**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 12-4478**

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

      v.

KETAE JEMEL ROBBINS,

                Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Catherine C. Eagles, District Judge.  (1:11-cr-00339-CCE-2)

_____

Submitted:  December 17, 2012      Decided:  January 3, 2013

_____

Before MOTZ, SHEDD, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Milton Bays Shoaf, Jr., ADDISON & SHOAF, Salisbury, North Carolina, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ketae Jemel Robbins appeals his conviction and sentence at the low end of his Guidelines range after pleading guilty to conspiracy to distribute 500 grams or more of cocaine hydrochloride. Robbins's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting, in his opinion, that there are no meritorious grounds for appeal but raising the issue of whether the district court "erred by sentencing defendant to 188 months based upon all the circumstances of the case, including his motion for a [four] point reduction in sentencing level and departure, and whether the Fair Sentencing Act of 2010 would operate to reduce his sentence." Robbins has filed a pro se supplemental brief raising the issues of whether the district court erred or abused its discretion in sentencing him as a career offender, and whether his counsel was ineffective at sentencing. We affirm.

We review a sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error, such as improperly calculating the Guidelines range, failing to consider the 18 U.S.C. § 3553(a) (2006) factors, or failing to adequately explain the sentence. United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009). If the sentence is

2

procedurally reasonable, we then consider the substantive reasonableness of the sentence imposed, taking into account the totality of the circumstances. Gall, 552 U.S. at 51. We presume that a sentence within or below a properly calculated Guidelines range is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012).

In sentencing, the district court should first calculate the Guidelines range and give the parties an opportunity to argue for whatever sentence they deem appropriate. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). The district court should then consider the § 3553(a) factors to determine whether they support the sentence requested by either party. Id. When rendering a sentence, the district court must make and place on the record an individualized assessment based on the particular facts of the case. Carter, 564 F.3d at 328, 330.

In explaining the chosen sentence, the "sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." Rita v. United States, 551 U.S. 338, 356 (2007). While a district court must consider the statutory factors and explain its sentence, it need not discuss every factor on the

record.  United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

We have reviewed the record and conclude that Robbins's sentence is procedurally and substantively reasonable, and the district court did not err or abuse its discretion in sentencing him.  To the extent that he challenges the district court's denial of a downward departure, we lack authority to review the denial.  See United States v. Brewer, 520 F.3d 367, 371 (4th Cir. 2008).  Finally, because the record does not conclusively show ineffective assistance of counsel, this issue may not be raised on direct appeal.  See United States v. Baptiste, 596 F.3d 214, 216-17 n.1 (4th Cir. 2010).

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  We therefore affirm the district court's judgment. This court requires that counsel inform his or her client, in writing, of his or her right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

4

before the court and argument would not aid the decisional process.

AFFIRMED